## Nick Wetzel, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

COMMON CARRIERS—*burden to excuse delay in transportation.* If injury results to property in transit by reason of delay, the burden to justify such delay is upon the carrier.

Action on the case. Appeal from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

GEORGE B. GILLESPIE, for appellant; GLENNON, CARY, WALKER & HOWE, SHEPHERD & TROGDON and GILLESPIE & FITZGERALD, of counsel.

STEWART W. KINKAID, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $199 rendered against it in an action on the case. The first count of the declaration charges that the plaintiff on September 30, 1910, at about four o'clock P. M. delivered to the defendant seventy-three hogs of an average weight of 270 pounds, to be safely carried by the defendant from Wetzel, Illinois, to Indianapolis, Indiana, within a reasonable time, and safely delivered to the plaintiff; that a reasonable time for the transportation as aforesaid was eight hours; that the hogs were fat and heavy, in good health and good condition, at the time they were so delivered to the defendant; that at the time they were so delivered as aforesaid, and for some days then next following, the weather was very warm, and said hogs being fat and heavy, it was the duty of the defendant to keep the hogs moving and deliver them at Indianapolis within a reasonable time and to cause the said hogs to be drenched with water so as to prevent them from dying from heat; that the defendant failed to carry said hogs from said Wetzel to Indianapolis within a reasonable time, or to cause the said hogs to be drenched with water while being so transported, or to safely deliver them to the plaintiff, and that by the negligence of the defendant in that behalf, eight of said hogs died from overheating in defendant's cars, and were wholly lost to the plaintiff.

The second count charges that such hogs were being so transported by the plaintiff for the purpose of selling the same upon the market for fat hogs in Indianapolis; that if the defendant had exercised proper diligence in transporting said hogs, they would have been delivered to the plaintiff in time to be sold upon the market on the morning of October 1, 1910, for $9.30 per hundred weight; that by reason of the failure of the defendant to exercise proper diligence in transporting said hogs, they were not delivered to the plaintiff at Indianapolis until about eleven o'clock A. M. of October 1, 1910,

598     APPELLATE COURTS OF ILLINOIS.

Wetzel v. C., C., C. & St. Louis, Ry. Co., 168 Ill. App. 596.

after the market had closed for that day, whereby the plaintiff was compelled to and did sell the said hogs for $9.20 per hundred weight.

The evidence discloses that eight hours was a reasonable time in which to transport and deliver the hogs at their destination; that they were delivered to the defendant at four o'clock P. M. on September 30th; that the car in which they were loaded was permitted to remain at Paris, an intermediate station, until about four o'clock on the morning of October 1st, causing a delay of about six hours; that sixteen hours elapsed between the time they were received by the defendant and their delivery to the plaintiff at Indianapolis at ten o'clock A. M. on October 1st; that the weather was very warm on September 30th, but became cooler at midnight; that the hogs were not watered until fourteen hours after they were received; that they were in good health and condition when delivered to the defendant, and that upon their delivery in Indianapolis eight of them were found to be dead.

While the high temperature and the failure to sufficiently water the hogs contributed thereto, the jury was not unwarranted in finding that the death of the hogs was occasioned by the unreasonable delay in transportation. There was no evidence adduced by the defendant to meet the burden cast upon it to show that such delay and failure to water the hogs was not occasioned by its fault. Under the rule laid down in R. R. Co. v. Thompson, 71 Ill. 434, the verdict was warranted. No loss by reason of the failure to deliver the surviving hogs in time for the Indianapolis market as charged in the second count of the declaration was established. The allegations of the first count were sufficient upon which to base the verdict returned. The allegation of a failure to drench the hogs may properly be treated as surplusage.

We find no prejudicial error in the rulings of the court upon the evidence or instructions. The judgment of the Circuit Court is affirmed.

*Affirmed.*